CAYUTA WHEEL & FOUNDRY CO. v. KENNEDY VALVE MFG. CO.

(Circuit Court of Appeals, Second Circuit. January 20, 1905.)

No. 87.

PATENTS—INFRINGEMENT—HYDRANTS.
The Loetzer patent, No. 631,545, for a hydrant, *held* infringed as to claims 8, 12, and 14, and not infringed as to claim 2.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 127 Fed. 355.

This cause comes here upon appeal from a final decree of the United States Circuit Court for the Southern District of New York granting an injunction and accounting in a suit in equity to restrain the infringement of letters patent No. 631,545, dated August 22, 1899, granted to Christian E. Loetzer, for an improved hydrant, and by him assigned to the complainant (appellee).

W. P. Preble, Jr., for appellant.

Julian C. Dowell, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. In the court below complainant claimed that all of the 20 claims in suit, except the thirteenth, were infringed. In this court he elected to stand on claims 2, 8, 12, and 14.

The complainant and defendant are rival manufacturers of hydrants. In the year 1901 the city of New York advertised for bids for hydrants, the specifications of which, at the suggestion of complainant, embodied certain constructions claimed to be covered by the patent in suit. Complainant and defendant were opposing bidders, and defendant got the contract.

The Acts of 1897 of the State of New York provide as follows:

"C. C. 477. No patent hydrant, valve or stop-cock, shall be used by the department of water supply unless the patentee or owner of said patent shall allow the use of the patent by said department without royalty." Laws 1897, p. 166, § 477.

There is a dispute as to whether complainant induced defendant to believe that by reason of this statutory provision it would not be required to pay any royalty for the use of any of the improvements covered by said patent. This question is immaterial to the disposition of the case, except as bearing upon defendant's contention, sufficiently supported by proof, that it never before or since made any other hydrants embodying the alleged infringements, and that it acted in good faith in bidding for said contract.

As found by the court below, the specification of the patent in suit is long and complicated, and the various elements of the combinations covered by the claims were old and had been used elsewhere. The patent covers the ordinary street hydrant for supplying water in case of fires, consisting of a stand-pipe, provided with

valves and a nozzle for a hose, and an annular support for the lower end of the stand-pipe within an outer casing. The portions of the construction material to the disposition of the case may be understood by the reference to the four claims specially relied on by complainant. Said claims are as follows:

"(2) In a hydrant, the combination with a stationary terminally exposed casing for connection with a distributing main, and having an interior stand-pipe rest or support, a stand-pipe removably fitted and housed at its lower end within the casing, a valve-seating ring interposed between the lower end of the stand-pipe and the said rest or support, and in rocking engagement with the latter, adjustable securing devices for forcing the stand-pipe downward toward its rest or support to clamp the seating ring in place, and a valve and operating devices carried by and removable with the stand-pipe, substantially as specified.

\* \* \* \* \* \* \* \* \* \* \* \*

"(8) In a hydrant, the combination with a casing for connection with a distributing main, and having an interior stand-pipe rest or support and an adjacent centering bevel, a stand-pipe loosely fitted within the casing, and. adapted for adjustment at its lower end by said centering bevel, a valve, and valve-operating devices mounted upon the stand-pipe, substantially as specified.

\* \* \* \* \* \* \* \* \* \* \* \*

"(12) In a hydrant, the combination with a casing for connection with a distributing main, and having an interior stand-pipe rest provided with an inwardly and downwardly inclined upper surface, a stand-pipe removably fitted within the casing, a valve-seating ring having an interlocking connection with the lower end of the stand-pipe, and provided with an exterior inwardly and downwardly inclined shoulder for contact with said rest, means for securing the stand-pipe in place, and a valve, and valve-operating devices carried by the stand-pipe, substantially as specified.

\* \* \* \* \* \* \* \* \* \* \* \*

"(14) In a hydrant, the combination of a stationary member for connection with a distributing main, and having an interior rest or support, a valve-carrying removable member loosely fitted in said stationary member, and having a rocking bearing upon said rest or support, to provide for angular deflection of said removable member without separation of the bearing faces thereof, and means for securing said removable member in a fixed position with relation to the stationary member, substantially as specified."

It is contended that the elements, "a valve-seating ring interposed between the lower end of the stand-pipe and the said rest or support, and in rocking engagement with the latter," of the second claim, and "a valve-carrying removable member loosely fitted in said stationary member, and having a rocking bearing upon said rest or support, to provide for angular deflection of said removable member without separation of the bearing faces thereof," of the fourteenth claim, are infringed. In support of this contention it is. claimed that defendant's valve provides, and the drawing thereof shows, a narrow crevice or clearance space between the valve-seating ring and its rest or support, which permits a loose fit and a slight rocking motion. The defendant strenuously asserts that no· such clearance was intended, and that in their hydrant it is most important that the upper part of the seating ring should make an. absolutely tight fit against the elbow, in order to prevent leakage· when the parts of the hydrant are operatively assembled. It is unnecessary to pass upon this contention, however, for the reason that· the patent states that the rocking engagement provided for therein,.

and covered by claim 2 and referred to in claim 14, is not secured by any such loose fit as it is claimed is found in defendant's device. The patentee says:

"Obviously the shoulder 12 of the valve-seating ring is constructed to correspond in taper with the rest or shoulder 13 in order to provide a snug and water-tight contact therewith. In addition, however, to this downwardly tapered or substantially trunco-conical construction of rest 13 and shoulder 12, I have found it desirable in practice to slightly round the contacting surfaces of said rest and shoulder, the surface of the rest being slightly concaved spherically, and the shoulder 12 being correspondingly convexed. This relation between the surfaces of the shoulder and rest forms what may be termed a 'rocking joint,' whereby, in securing the stand-pipe in place within the casing, any slight angular deflection of the stand-pipe from a truly vertical or axial position within the casing (due to tightening the bolts, 5c, upon one side more than upon the other) does not affect the efficiency of the joint between the movable and stationary members of the hydrant. In other words, the movable member may be rocked or rolled slightly to one side or the other and still maintain a uniform and coextensive contact of the surfaces 12 and 13."

It is admitted and proved that defendant's hydrant does not have the spherically concaved and convexed contacting surfaces forming the "rocking joint" of the patent. The defendant, therefore, does not infringe the claims of the patent which cover the rocking-joint connection.

Whether the defendant infringes the other claims is a doubtful question. We are not satisfied that the combinations covered thereby may not be found in defendant's hydrant.

It is conceded that no substantial question of damages is involved herein. It is not shown that defendant ever made any infringing hydrants, except in the execution of this contract with the city of New York. We are disposed to concur with the court below in its conclusion as to infringement of said claims, and to give the complainant the benefit of an injunction.

The decision of the court below as to the claims covering the rocking joint, which appear to be claims 1, 2, 3, 4, 6, and 15, and of which claim 2 has been selected as a representative on this appeal, is reversed. The decision as to the other claims, represented on this appeal by claims 8, 12, and 14, is affirmed, the finding of infringement of claim 14 resting solely on the alleged "loose fit" of defendant's construction. Inasmuch, however, as complainant in the court below claimed infringement of all the claims except one, and on the taking of proofs expressly declined to state on which ones it relied, and now abandons all but four of said claims, no costs will be allowed in favor of complainant on this appeal.

The cause is remanded to the court below, with instructions to enter a decree in conformity with this opinion.